IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BANC OF AMERICA LEASING & CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STANLEY E. THOMAS, BEEHAWK AVIATION, INC., REES BEEHAWK, L.L.C., and FOURTH QUARTER PROPERTIES 166, L.L.C., <br><br> Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff Banc of America Leasing & Capital, LLC ("BALC" or "Plaintiff") hereby files its Complaint against Stanley E. Thomas ("Thomas"), Beehawk Aviation, Inc. ("Beehawk"), Rees Beehawk, L.L.C. ("Rees"), and Fourth Quarter Properties 166, LLC ("FQP") (Thomas, Beehawk, Rees, and FQP, collectively, the "Defendants") to recover monies owed to BALC pursuant to a settlement agreement and promissory note payable by Defendants to BALC.

1

## The Parties

1.

BALC is a single member Delaware limited liability company whose sole member is Bank of America, N.A., a national banking association having its main office, as set forth in its articles of association, located in the State of North Carolina. BALC is registered and authorized to do business in the State of Georgia.

2.

Thomas is a citizen of the State of Georgia who may be served with process at his residence located in Coweta County at 544 Johnson Road, Sharpsburg, Georgia 30277.

3.

Beehawk is a Delaware corporation with its principal place of business being located in Coweta County at 45 Ansley Drive, Newnan, Georgia 30263. Beehawk may be served with process through its registered agent, Corporate Agents, Inc. at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.

Rees is a Delaware limited liability company, and upon information and belief, Thomas is its sole member whose residence is located in Coweta County,

Georgia at the address listed in Paragraph 2 above. Its principal place of business is located in Coweta County at 45 Ansley Drive, Newnan, Georgia 30263. Rees may be served with process through its registered agent, National Registered Agents, Inc. at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

5.

FQP is a Delaware limited liability company, and upon information and belief, Thomas is its sole member whose residence is located in Coweta County, Georgia at the address listed in Paragraph 2 above. Its principal place of business is located in Coweta County at 45 Ansley Drive, Newnan, Georgia 30263. FQP may be served with process through its registered agent, Paracorp Incorporated, 2140 South DuPont Highway, Camden, Delaware 19934.

**Jurisdiction and Venue**

6.

Subject Matter Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of North Carolina, Defendants are citizens of either Georgia or Delaware, and the amount in controversy exceeds $75,000.

7.

Personal Jurisdiction is proper in this Court because Thomas is a resident of Georgia and Beehawk, Rees, and FQP each transact business in Georgia within the meaning of O.C.G.A. § 9-10-91(1) (2012).

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and LR 3.1, N.D. Ga. because all four of the Defendants reside in this division of this judicial district.

**Factual Background**

9.

Defendants are indebted to BALC based on a loan in the original principal amount of four million five hundred thousand and 00/100 dollars ($4,500,000.00).

10.

Specifically, Defendants, as co-debtors, entered into a settlement agreement with BALC on November 2, 2010 (as amended, the "Settlement Agreement") and contemporaneously executed a promissory note in the original principal amount of four million five hundred thousand and 00/100 dollars ($4,500,000.00) (as amended, the "Note"), each as subsequently amended by that certain First Amendment to Settlement Agreement and Promissory Note dated as of July 12,

2012 (the "<u>Amendment</u>").  True and correct copies of the Settlement Agreement, Note and the Amendment are attached hereto as **Exhibit A**, **Exhibit B** and **Exhibit C**, respectively.

11.

The Settlement Agreement and Note were executed in settlement of BALC's claims against Thomas for his defaults on three separate loans secured by three separate aircraft (collectively, and as discussed more particularly below, the "<u>Aircraft Loans</u>") and against Beehawk, Rees, and FQP, each of which guaranteed Thomas' obligations under the Aircraft Loans.

12.

Defendants' default on their obligations under the Settlement Agreement and Note are the subject of this Complaint.

**The Aircraft Loans**

13.

The moneys loaned to Thomas under the three Aircraft Loans were used by the Defendants to purchase or refinance the aircraft.  The Defendants used the aircraft in the conduct of their business ventures.

14.

Thomas' companies—Beehawk, Rees, and FQP—each owned a separate aircraft.

15.

Under the first loan, Thomas was indebted to BALC in the original principal amount of three million seven hundred twenty thousand and 00/100 dollars ($3,720,000.00) (the "Cessna 525A Loan"), which was guaranteed by Beehawk and secured by a Cessna 525A aircraft, engines, and related personalty.

16.

Under the second loan, Thomas was indebted to BALC in the original principal amount of fifteen million one hundred thirty seven thousand six hundred ninety eight and 90/100 dollars ($15,137,698.90) (the "Cessna Citation X Loan"), which was guaranteed by Rees and secured by a Cessna Company model 750 (Citation X) aircraft, engines, and related personalty.

17.

Under the third loan, Thomas was indebted to BALC in the original principal amount of forty one million three hundred and fifty thousand and 00/100 dollars ($41,350,000.00) (the "G550 Loan"), which was guaranteed by FQP and

secured by a Gulfstream Aerospace GV-SP (G550) aircraft, engines, and related personalty.

18.

Thomas defaulted on each of the Aircraft Loans, and BALC subsequently sought and obtained on July 15, 2010, writs of possession for each of the aircraft securing the Aircraft Loans, granted by the Superior Court of Coweta County.

19.

Each aircraft was subsequently sold in partial satisfaction of Thomas' payment obligations under the Aircraft Loans and the obligations of Beehawk, Rees, and FQP under their respective guarantees of the Aircraft Loans.

**The Settlement Agreement and Note**

20.

BALC and the Defendants entered into the Settlement Agreement to resolve their disputes related to the Aircraft Loans.

21.

Under the Settlement Agreement, the Defendants acknowledged their joint and several liability for the deficiency on the Aircraft Loans and agreed to pay BALC four million five hundred thousand and 00/100 dollars ($4,500,000.00) (the

"Settled Deficiency Amount") as more specifically described in the Note. Ex. A ¶ 6.

22.

Defendants agreed to make quarterly payments of two hundred fifty thousand and 00/100 dollars ($250,000.00), beginning on March 31, 2012 and continuing on the last day of each quarter thereafter, with the final payment being due on December 31, 2013. Defendants agreed to pay BALC an additional one million and 00/100 dollars ($1,000,000.00) on December 31, 2013. Ex. A ¶¶ 6(a)(i), (ii).

23.

BALC agreed to waive its right to the remaining one million five hundred thousand and 00/100 dollars ($1,500,000.00) of principal due under the Note in the event that no event of default, as that term is defined in the Settlement Agreement and Note, occurred and Defendants made all payments when due. Ex. A ¶ 6. (b).

24.

The Defendants also agreed that in an event of default, BALC would be free to pursue the entire Settled Deficiency Amount of $4,500,000.00, plus all accrued interest and other charges, after ten (10) days notice and opportunity to cure. Ex. A ¶ 6(b); Ex. B 1, 2.

25.

The Defendants also agreed to pay all costs, including reasonable attorneys' fees, incurred by BALC in enforcing its rights under the Settlement Agreement or Note. Ex. B 2.

26.

The Settlement Agreement and Note are governed by the laws of the State of New York. Ex. A ¶ 11; Ex. B 2.

**Defendants' Initial Default on the Settlement Agreement and Note**

27.

The Defendants defaulted under the terms of the Settlement Agreement and Note as a result of their failure to timely pay to BALC the first installment payment required by the Note in the amount of two hundred fifty thousand and 00/100 dollars ($250,000.00) due March 31, 2012 (the "Initial Default").

28.

BALC gave notice to the Defendants of the Initial Default through that certain letter dated May 24, 2012 (the "Initial Default Letter"), a true and correct copy of which is attached hereto as **Exhibit D**. The Initial Default Letter also stated that in the event the Initial Default was not timely cured within ten (10) days of the Defendants' receipt of the letter, BALC would be entitled to pursue its

9

remedies under the Note and applicable law to seek payment of all amounts owed pursuant to the Note.

29.

The Defendants received the Initial Default Letter on May 29, 2012.

30.

The Defendants failed to cure the Initial Default within ten (10) days of their receipt of the Initial Default Letter.

31.

Through that certain letter dated June 11, 2012 (the "<u>Initial Acceleration Letter</u>"), BALC (i) notified the Defendants of their failure to cure the Initial Default within ten (10) days of their receipt of the Initial Default Letter, (ii) notified the Defendants that pursuant to its remedies under the Note, BALC had exercised its right to accelerate all amounts due under the Note such that the outstanding balance became immediately due and payable and (iii) made demand for payment of the accelerated loan balance. A true and correct copy of the Initial Acceleration Letter is attached hereto as **Exhibit E**.

32.

Subsequently, BALC and the Defendants entered into the Amendment, pursuant to which (1) the Defendants acknowledged the Initial Default, (2) the

39757631_4.DOC

Defendants paid BALC all past due amounts, (3) the Initial Default was waived and the Note was reinstated, (4) the Defendants reaffirmed the terms and conditions set forth in the Settlement Agreement and the Note, and (5) the Defendants agreed to strictly comply with the terms of the Settlement Agreement and Note from that point forward.

### Defendants' Current Default on the Settlement Agreement and Note

33.

Less than two months after executing the Amendment, the Defendants defaulted under the terms of the Settlement Agreement and Note again as a result of their failure to timely pay to BALC the installment payments required by the Note in the amount of two hundred fifty thousand and 00/100 dollars ($250,000.00) due September 30, 2012 and December 31, 2012, respectively (collectively, the "Current Defaults").

34.

BALC has given notice to the Defendants of the Current Defaults through that certain letter dated January 2, 2013 (the "Current Default Letter"), a true and correct copy of which is attached hereto as **Exhibit F**. The Current Default Letter also stated that in the event the Current Defaults were not timely cured within ten (10) days of the Defendants' receipt of the letter, BALC would be entitled to

39757631_4.DOC

pursue its remedies under the Note and applicable law to seek payment of all amounts owed pursuant to the Note.

35.

The Defendants received the Current Default Letter on January 3, 2013.

36.

The Defendants failed to cure the Current Defaults within ten (10) days of their receipt of the Current Default Letter.

37.

Through that certain letter dated January 15, 2013 (the "Current Acceleration Letter"), BALC (i) notified the Defendants of their failure to cure the Current Defaults within ten (10) days of their receipt of the Current Default Letter, (ii) notified the Defendants that pursuant to its remedies under the Note, BALC had exercised its right to accelerate all amounts due under the Note such that the outstanding balance became immediately due and payable and (iii) made demand for payment of the accelerated loan balance. A true and correct copy of the Current Acceleration Letter is attached hereto as **Exhibit G**.

12

38.

As of January 23, 2013, the outstanding principal balance due under the Note was $4,000,000.00 (the principal balance, accrued but unpaid interest and other fees and expenses owed pursuant to the Note, the "<u>Note Balance</u>").

## Count I
**(Breach of Contract – Note)**

39.

BALC restates and incorporates by reference the allegations contained in Paragraphs 1 through 38 above, just as though fully set forth herein.

40.

The Defendants are in default under the Note by, among other things, failing to pay amounts owed to BALC when due.

41.

In accordance with the terms of the Note, upon an event of default and failure to timely cure, BALC became entitled to all amounts due under the Note such that the outstanding balance became immediately due and payable.

42.

Through the Current Default Letter, the Defendants were notified of their default under the Note and that their failure to cure the Current Defaults within ten

(10) days of their receipt of the Current Default Letter would cause all amounts due under the Note to become immediately due and payable.

43.

Despite having been notified by BALC of the Current Defaults under the Note, the Defendants failed to cure the Current Defaults within ten (10) days of their receipt of the Current Default Letter.

44.

Through the Current Acceleration Letter, the Defendants were notified that pursuant to its remedies under the Note, BALC had exercised its right to accelerate all amounts due under the Note such that the outstanding balance is immediately due and payable. Through the Current Acceleration Letter, BALC also made demand upon the Defendants for the entire accelerated balance due under the Note.

45.

As of the date of the filing of this Complaint, the Defendants have not paid the Note Balance.

46.

The Defendants' breach of the Note has caused damages to BALC in the amount of the Note Balance.

47.

As a result of the Defendants' breach of the Note, the Defendants are jointly and severally liable for the Note Balance, which includes all principal, interest, and all fees, including reasonable attorneys' fees, due under the Note.

WHEREFORE, BALC respectfully requests the following relief:

(1) that the Court enter judgment in favor of BALC and against Defendants on all causes of action in this Complaint;

(2) that the Court enter judgment in favor of BALC and against Defendants for the Note Balance, plus other fees and costs;

(3) that the Court enter judgment in favor of BALC and against Defendants for reasonable attorneys' fees and costs due under the Note;

(4) that the Court tax all costs of this action against Defendants; and

(5) that the Court grant BALC such other and further relief as it deems just and proper.

39757631_4.DOC

Respectfully submitted this 24th day of January, 2013.

          MCGUIREWOODS LLP

          /s/ Thomas R. Walker

          Thomas R. Walker
          Georgia Bar No. 732755
          C. Jordan Myers
          Georgia Bar No. 201008
          Promenade II
          1230 Peachtree Street N.E.
          Suite 2100
          Atlanta, Georgia 30309
          Telephone: (404) 443-5500
          Telecopier: (404) 443-5599
          cjmyers@mcguirewoods.com

*Counsel for the Plaintiff*

39757631_4.DOC