**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **CIRAS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action File No.:** |
| **STANLEY E. THOMAS; BEEHAWK AVIATION, INC.; REES BEEHAWK, L.L.C.; and FOURTH QUARTER PROPERTIES 166, L.L.C.,** | **3:13-CV-00013-TCB** |
| **Defendants.** | |

**PLAINTIFF'S MOTION TO COMPEL STANLEY THOMAS TO RESPOND TO POST-JUDGMENT DISCOVERY AND MEMORANDUM OF LAW**

Ciras, Inc. ("**Ciras**"), as the Plaintiff in this action, moves the Court for an order under FED. R. CIV. P. 37 compelling Stanley E. Thomas to respond to the post-judgment requests for production of documents served by Ciras on December 2, 2022. In support of this motion, Ciras shows as follows:

BACKGROUND AND DISCOVERY EFFORTS

On August 1, 2013, this Court entered a judgment in favor of Banc of America Leasing & Capital, LLC ("**BoA**") and against Mr. Thomas and the other defendants for the total amount of $4,376,000.00 [Doc. No. 20] (the "**Judgment**"), which remains unsatisfied. On December 12, 2019, BoA assigned the Judgment

1

and Execution to Gulf Coast Bank & Trust Company [*see* Doc. No. 31], who later assigned the Judgment to Ciras [*see* Doc. No. 33]. The Court substituted Ciras as the Plaintiff in this action on December 18, 2020. [Doc. No. 36].

As part of its post-judgment discovery effort, Ciras served a deposition and document production subpoena in August 2022 on Lamar Maddox,[1] the chief accountant and one of the key personnel running Mr. Thomas' vast group of affiliated businesses. The deposition occurred on October 4, 2022, and Ryan McLemore attended the deposition as counsel for the Defendants.[2] At the end of the deposition, Mr. McLemore suggested that, rather than pressing Mr. Maddox to produce additional documents, it would be simpler for Mr. Thomas to produce them himself.[3] Mr. McLemore added that he would accept service of the requests for production.[4]

On December 2, 2022, Ciras served *Plaintiff's First Post-Judgment Requests for Production of Documents to Stanley E. Thomas* (the "**Requests**"), a genuine copy of which is attached as Exhibit 1 to the Henderson Affidavit.[5] Mr. Thomas served his objections and responses to the Requests on January 4, 2023 — true and correct

---

[1] *Affidavit of Plaintiff's Counsel*, attached as **Exhibit A** (the "Henderson Affidavit"), at ¶ 3.
[2] *Id.* at ¶ 4.
[3] *Id.* at ¶ 5.
[4] *Id.*
[5] Henderson Affidavit at ¶ 6.

copies of which are attached as **Exhibit B**—but he did not produce a single document.[6]

One week later, on January 11, 2023, Ciras' undersigned counsel emailed Mr. McLemore: "How and when will Mr. Thomas be producing the documents? Please get them to us by next Wednesday, January 18, at the latest."[7] The email did not yield any production or even an immediate response from opposing counsel[8]; instead, Mr. McLemore replied on January 26 that he was "still working on this" and would be calling Mr. Thomas again.[9] Nothing happened after that message either.[10]

Based on Mr. Thomas' apparent unwillingness to voluntarily produce the requested documents, Ciras sent a letter to his counsel under FED. R. CIV. P. 37(a)(1) and LR 37.1 on February 15, 2023.[11] In the letter, which is attached to the Henderson Affidavit as Exhibit 4 and incorporated by reference, Ciras advised Mr. Thomas that it would be seeking assistance from the Court if he did not address the problems with his discovery responses by Monday, February 20, 2023.[12]

---

[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 8 and **Exhibit 2** thereto.
[8] *Id.*
[9] *Id.* at ¶ 9 and **Exhibit 3** thereto.
[10] *Id.*
[11] Henderson Affidavit at ¶ 10 and **Exhibit 4**.
[12] *See* Exhibit 4 to Henderson Affidavit and ¶ 11.

Mr. McLemore responded via email on February 22 to say that he had been out of town but would "see what documents [Mr. Thomas] has available to produce" and "get you a response asap."[13] Ciras' counsel replied on the same day that he had begun preparing a motion to compel, but he would stop work until Monday, February 27, to give Mr. Thomas additional time.[14] Neither Mr. Thomas nor his attorney has produced a single item since that exchange.[15]

CITATION OF AUTHORITY

FED. R. CIV. P. 37 authorizes the Court to compel a party to respond to discovery requests where the party previously failed or refused to adequately respond. Three months ago, Ciras served the Requests under FED. R. CIV. P. 34 and 69. The latter Rule permits a "judgment creditor or a successor in interest whose interest appears of record [to] obtain discovery from any person—including the judgment debtor …." *Patel v. Patel*, 2018 U.S. Dist. LEXIS 242005, *1 (N.D. Ga. 2018) (Batten, J.). The scope of post-judgment discovery is "very broad" and allows the creditor to discover any "assets upon which execution may be made," as well as "assets that have been fraudulently transferred or are otherwise beyond the reach of execution." *Id.* at *1-2.

---

[13] Henderson Affidavit at ¶ 12 and **Exhibit 5**.
[14] *Id.* at ¶ 13 and **Exhibit 6**.
[15] *Id.* at ¶ 14.

All of the Requests sought documents and other items pertaining to Mr. Thomas' assets, liabilities, transfers, financial condition, and business interests.[16] Rather than make an earnest effort to respond or attempt to explain the reasons for his failure to produce *any* of the requested items, Mr. Thomas has delayed and stonewalled Ciras at every turn. Ciras has made a good faith effort to resolve this dispute without Court intervention as required by LR 37.1, but to no avail. The Court should therefore compel Mr. Thomas to fully respond to the Requests.

The Court is also authorized to award attorney's fees to the discovering party incurred in bringing a motion to compel. FED. R. CIV. P. 37(a)(5)(A). If Mr. Thomas opposes this motion and the Court ultimately rules in Ciras' favor, the Court should require him to pay Ciras' reasonable attorney's fees.

WHEREFORE, Ciras moves the Court pursuant to FED. R. CIV. P. 37 for the following relief:

(a) Entry of an order compelling Mr. Thomas to respond to the Requests by a date fixed by the Court;

(b) An award of reasonable attorney's fees and other expenses incurred by Ciras in the preparation and prosecution of this Motion; and

---

[16] *See* Exhibit 1 to Henderson Affidavit.

(c) For such other and further relief as this Court deems just and proper.

Submitted this 2nd day of March, 2023.

> **JONES & WALDEN LLC**
> */s/ Tyler W. Henderson*
> Tyler W. Henderson
> Georgia Bar No. 854853
> 699 Piedmont Ave., N.E.
> Atlanta, GA 30308
> (404) 564-9300
> THenderson@joneswalden.com
> Attorney for Plaintiff

6

# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| CIRAS, INC., | |
| **Plaintiff,** | |
| v. | Civil Action File No.: |
| STANLEY E. THOMAS; BEEHAWK AVIATION, INC.; REES BEEHAWK, L.L.C.; and FOURTH QUARTER PROPERTIES 166, L.L.C., | 3:13-CV-00013-TCB |
| **Defendants.** | |

### AFFIDAVIT OF PLAINTIFF'S COUNSEL

The undersigned, Tyler Henderson, appeared before an officer duly authorized by law to administer oaths, and now deposes and states as follows:

1.      My name is Tyler Henderson. I am over the age of majority and make this affidavit based upon my own personal knowledge.

2.      I am counsel of record for the plaintiff in this action, Ciras, Inc. ("Ciras"). I make and give this affidavit in support of *Plaintiff's Motion to Compel Stanley Thomas to Respond to Post-Judgment Discovery and Memorandum of Law* ("Motion").

3.      As part of Ciras' post-judgment discovery effort, I served a deposition and document production subpoena on Lamar Maddox in August 2022.

4.      The deposition occurred on October 4, 2022, and Ryan McLemore attended the deposition as counsel for the Defendants.

5.      At the end of the deposition, Mr. McLemore suggested that, rather than pressing Mr. Maddox to produce additional documents, it would be simpler for Mr. Thomas to produce them himself. Mr. McLemore added that he would accept service of the requests for production.

6.      On December 2, 2022, Ciras served *Plaintiff's First Post-Judgment Requests for Production of Documents to Stanley E. Thomas* (the "**Requests**"), a genuine copy of which is attached as **Exhibit 1**.

7.      Mr. Thomas served his objections and responses to the Requests on January 4, 2023, but he did not produce a single document.

8.      One week later, on January 11, 2023, I emailed Mr. McLemore: "How and when will Mr. Thomas be producing the documents? Please get them to us by next Wednesday, January 18, at the latest." A genuine copy of my email is attached as **Exhibit 2**. Mr. McLemore did not respond within the ensuing two-week period.

9.      Mr. McLemore replied on January 26 that he was "still working on this" and would be calling Mr. Thomas again, but nothing happened after he sent

2

me that message. A genuine copy of Mr. McLemore's message is attached as **Exhibit 3**.

10.     Based on Mr. Thomas' failure to address the problems described above, I sent a letter to his counsel on Ciras' behalf under FED. R. CIV. P. 37(a)(1) and LR 37.1 on February 15, 2023. A genuine copy of my good-faith letter is attached as **Exhibit 4**.

11.     In the letter, I advised Mr. Thomas that Ciras would be seeking assistance from the Court if he did not address the problems with his discovery responses by Monday, February 20, 2023.

12.     Mr. McLemore responded via email on February 22 to say that he had been out of town but would "see what documents [Mr. Thomas] has available to produce" and "get you a response asap." A genuine copy of Mr. McLemore's message is attached as **Exhibit 5**.

13.     I replied on the same day that I had begun preparing a motion to compel but would stop work until Monday, February 27, to give Mr. Thomas additional time. A genuine copy of my reply is attached as **Exhibit 6**.

14.     Neither Mr. Thomas nor his attorney has produced a single item since

that exchange.

Sworn to and subscribed before me
this 2nd day of March, 2023.

_____

Notary Public
My Commission Expires:

TYLER W. HENDERSON
AFFIANT

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

# Exhibit 1

CIRAS, INC.,

      Plaintiff,

v.

STANLEY E. THOMAS; BEEHAWK
AVIATION, INC.; REES BEEHAWK,
L.L.C.; and FOURTH QUARTER
PROPERTIES 166, L.L.C.,

      Defendants.

Civil Action File No.:

3:13-CV-00013-TCB

## PLAINTIFF'S FIRST POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS TO STANLEY E. THOMAS

Ciras, Inc. submits its first post-judgment requests for production of documents (the "Requests") to Stanley E. Thomas ("Mr. Thomas" or "Respondent") under Rules 34 and 69(a)(2) of the Federal Rules of Civil Procedure. Ciras requests that Respondent's responses be made in writing and delivered to the offices of Ciras's attorneys, Jones & Walden LLC, Attn: Tyler W. Henderson, 699 Piedmont Ave., NE, Atlanta, Georgia 30308, within 30 days from the date of service of these Requests.

### PRELIMINARY STATEMENT AND GENERAL INSTRUCTIONS

A. In responding to these Requests, you are required to obtain and furnish all responsive information and data available and reasonably accessible to you and any of your representatives, employees, agents, contractors, or attorneys. Each Request refers to all information or data that that can be gathered, collected, or discovered by the reasonably diligent efforts of you or your agents, representatives, attorneys, or contractors.

1

B. Each Request which seeks information or data relating in any way to communications to, from, or within a business or corporate entity is designated to demand and include all communications by and between representatives, employees, agents, brokers, or contractors of the business or corporate entity at issue.

C. If you object to part of any Request, you are to furnish information or data responsive to the remainder or portion of the Request to which there is no objection.

D. Any documents and tangible objects produced in response to these Requests shall include all attachments and enclosures.

E. Whenever these Requests ask for information that is not available to you in the form requested but that is available in another form or can be obtained elsewhere, you shall so state or supply the information or data requested in the form in which it is available.

F. References to the singular include the plural, and references to the plural include the singular.

### OBJECTIONS AND CLAIMS OF PRIVILEGE

You must state the specific basis and reason for each objection and fully comply with FRCP 34. If you object, including an objection based upon privilege, to any Request below, you shall identify the applicable privilege in writing to allow a Court to determine the sufficiency of the objection. If you claim any privilege as to any information or data, you shall provide and disclose the identity and address of all persons to whom such information and data were provided prior to responding to these Requests.

### DEFINITIONS

The following definitions apply to each of the Requests and are incorporated therein.

1. "AND" and "OR" are used interchangeably and each term includes the other.

2. "COMMUNICATION" and any variant or form of the term mean any conversation or oral contact through which information of any nature was transmitted or exchanged, whether or not subsequently recorded in writing.  It includes, but is not limited to: meetings, telephone conversations, discussions, reports, executive summaries, briefings, oral requests for information, memoranda of conversations, emails, text and SMS messages, messages on any software or smart phone application, correspondence, data processing, pictures, and recordings.

3. "CONCERN," "REFER," and "RELATE," and any variant or form of those terms mean and are synonymous with the following terms: constituting, referring to, alluding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, contrasting, comparing, contradicting, describing, reflecting, or analyzing.

4. "DOCUMENT" and "DOCUMENTS" are used in their broadest senses and include all written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description. Such terms also include but are not limited to, writings, records, correspondence, communications, letters, diaries, diary entries, logs, log books, telegrams, telexes, memoranda, notes, reports, bulletins, summaries, or other records of telephone or personal conversations, minutes or summaries of telephone or personal meetings and conferences, instructions, literature, work assignments, agreements, contracts, interoffice or intraoffice communications, memoranda, electronic mail, microfilm, notebooks, calendars, appointment books, circulars, pamphlets, projections, studies, estimates, charts, lists, tables, computer runs, tabulations, printouts, notices, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, videotapes, photocopies, drafts, data sheets, data compilations, computer data compilations, statistics, worksheets,

speeches or other writings, floppy disks, hard drives, floppy drives, files, computer files, and tape recordings. The terms specifically include electronically stored information. For purposes of this definition, a "computer file" means all computer files without regard to the manner in which the file is stored, including program files and non-program files. "Program file" means any program file, command library file, operating system file, batch file, or other file which can be used to control the operation of a computer, disc, processor, computer system, any part of a computer system, or any piece or combination of pieces of computer equipment. "Non-program file" means any computer file of any type that is not a program file.

5. "PERSON" means and includes any individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, trust or any other business entity, United States government, state, city, municipality, commission, specific district, or any other subdivision of the federal, state or local government.

6. "YOU," "YOUR," "YOURS," and "RESPONDENT" mean Stanley Thomas and all persons and entities acting on his behalf or pursuant to his direction or request.

## REQUESTS FOR PRODUCTION

Please produce all of the following items:

1. All documents and records of checking, savings, or any other type of account with any type of financial institution to which you have or have had access during the past two years. The requested documents include, but are not limited to, periodic account statements, checks, check registers, check stubs, cancelled checks, and deposit slips, including offsets.

2. All documents and records reflecting, relating to, or referring to any income you received in the past two years.

3. All documents reflecting, relating to, or referring to transfers of property, real and personal, from you to any other person or entity during the past five years.

4.      All signature cards that name or named you as an authorized signatory on any financial account, for any entity or other third party, during the past four years.

5.      All documents submitted to any financial institution, or any other person or entity, by you for any loan or advance benefitting you in any capacity (borrower, guarantor, or surety) during the past four years.

6.      All documents reflecting, relating to, or referring to any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, or escrow funds owned or held by you in the past four years.

7.      All documents reflecting, relating to, or referring to any account in which any of your earnings or other income has been deposited into in the past four years.

8.      All documents evidencing your authority to access any safe deposit box or other bank-secured area during the past four years.

9.      All documents reflecting, relating to, or referring to any application signed by you or on your behalf or your spouse and/or children, to open a foreign or offshore financial account in your name or any other entity during the past four years.

10.      All documents reflecting, relating to, or referring to any real property in which you held a legal or equitable interest during the past four years.

11.      All documents reflecting, relating to, or referring to any real property in which you resided for more than ten days during the past four years.

12.      All documents reflecting, relating to, or referring to encumbrances on any real property in which you have held an ownership interest in the past four years.

13.      All documents evidencing ownership of real property in which you currently hold a legal or equitable interest.

14.      All current lease agreements for real property in which you are the landlord, property manager, or in which you have a beneficial interest.

15.      All lease agreements for real property in which you are or were the lessor or lessee in the past two years.

16.      All documents that evidence your name being on any real property tax records as payor or trustee during the past four years.

17.      All deeds that title any real property to you as trustee for any other person or entity.

18.     All deeds of trust or mortgages held in favor of you at present or owned during the past four years.

19.     All appraisals or other forms of valuation for any property that you have an interest in or had an interest within the past four years.

20.     All promissory notes, deeds to secure debts, security agreements, and mortgages you signed in any capacity during the past six years.

21.     All deeds/mortgages in which you hold property with others as tenants by the entirety, tenants in common, or joint tenants.

22.     All certificates of title or other evidence of ownership of any boat, automobile, truck, watercraft, motorcycle, four-wheeler, recreational vehicle, go-kart, aircraft, agricultural equipment, and construction equipment owned by or in your possession, whether owned by you or any entity that you are affiliated with, or held in trust by you, during the past four years.

23.     All notes receivable, pledges, and security interests in your favor during the past four years.

24.     All homeowner's insurance policies and any other insurance policies or riders that have insured any property that you own or have the benefit of using during the past four years.

25.     All documents reflecting insurance policies on which you are an owner, beneficiary, or insured. This request includes, but is not limited to, documents reflecting the cash value of insurance policies on your life.

26.     A list of household furnishings and fixtures that you purchased within the past four years that had a purchase price of $500.00 or more.

27.     All dock slips or other documentation evidencing the right to dock any watercraft during the past four years, whether you have a legal or beneficial interest in the same.

28.     A list and valuation of all collectibles (i.e., stamps, coins, sports cards, etc.) that you have owned within the past four years.

29.     All documents reflecting, relating to, or referring to any guns, jewelry, antiques, or art owned by you or in your possession within the past four years.

30.     All documents reflecting, relating to, or referring to any interest you have or have had in the past four years in any patents, trademarks, copyrights, franchises, royalties of any kind, oil and gas rights, timber rights, or mineral rights.

31.     All documents that identify the name and addresses of any person or entity that has employed you during the past four years.

32.     All documents that identify any person or entity for whom you have acted as an independent contractor during the past four years.

33.     All documents reflecting, relating to, or referring to any and all businesses and corporate entities in which you were a stockholder, member, partner, officer, director, owner, or registered agent during the past four years.

34.     All local, state and federal tax returns filed by you in the past four years, including all attachments, schedules, W-2s, K-1s, 1099 and 1098 forms.

35.     All documents reflecting, relating to, or referring to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses or other sums of money paid to you within the past four years.

36.     All employment contracts that you have had in the past four years.

37.     All documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit or any other investment vehicle owned or held for your benefit in the past four years.

38.     All W-2's, 1099-D's or 1099-I's issued to you within the past four years.

39.     All documents reflecting, relating to, or referring to any stock options or profit-sharing plans held by you or for your benefit.

40.     All documents that evidence a cash value in any life insurance policy in which you have any interest and copies of all policies whether term, whole life, or universal.

41.     All documents evidencing any trusts or amendments to trusts in which you are a grantor, settlor, trustee, or beneficiary.

42.     All correspondence between you and any other person regarding property, both real and personal, that you have transferred during the past four years.

43.     All documents and records related to Fourth Quarter Properties 166, L.L.C., including tax returns, from 2018 to present. This request is meant to encompass, but is not limited to, financial institution account statements, loan documents, investment account statements and records, certificates of deposits, checks, wire transfer confirmations and receipts, deposit slips, and money orders.

44.     All financial documents and records in your possession, custody, or control related to the Thomas Family Trust. This request is meant to encompass, but is not limited to, financial institution account statements, loan documents, investment account statements and records, certificates of deposits, checks, wire transfer confirmations and receipts, deposit slips, and money orders

Respectfully submitted this 2nd day of December, 2022.

JONES & WALDEN LLC

Tyler W. Henderson
Georgia Bar No. 854853
Attorneys for Plaintiff
699 Piedmont Ave., NE
Atlanta, Georgia 30308
(404) 564-9300
THenderson@joneswalden.com

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CIRAS, INC., <br><br>     **Plaintiff,** <br><br> v. <br><br> **STANLEY E. THOMAS; BEEHAWK AVIATION, INC.; REES BEEHAWK, L.L.C.; and FOURTH QUARTER PROPERTIES 166, L.L.C.,** <br><br>     **Defendants.** | **Civil Action File No.:** <br><br> **3:13-CV-00013-TCB** |

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of *Plaintiff's First Post-Judgment Requests for Production of Documents to Stanley E. Thomas* on the respondent by U.S. first-class mail to the following:

Stanley Thomas
544 Johnson Road
Sharpsburg, Geogia 302722

Ryan McLemore
Thrift McLemore
1000 Parkwood Circle SE, Suite 375
Atlanta, Georgia 30339

This 2nd day of December, 2022.

JONES & WALDEN LLC

Tyler W. Henderson
Georgia Bar No. 854853
Attorneys for Plaintiff
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
THenderson@joneswalden.com

**Tyler Henderson**

| | |
|---|---|
| **From:** | Tyler Henderson |
| **Sent:** | Wednesday, January 11, 2023 11:44 AM |
| **To:** | Ryan McLemore |
| **Subject:** | RE: Deposition of Lamar Maddox |

# Exhibit 2

Good morning, Ryan:

How and when will Mr. Thomas be producing the documents? Please get them to us by next Wednesday, January 18, at the latest. I'll let you know if we have any other issues with Mr. Thomas' responses.

Thanks,
Tyler

Tyler W. Henderson
**Jones & Walden LLC**
Attorneys at Law
699 Piedmont Avenue, NE
Atlanta, GA 30308
PH: 404/564-9300
FAX: 404/564-9301
www.joneswalden.com

NOTICE: THIS EMAIL AND ITS ATTACHMENTS MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION THAT IS MEANT TO BE READ ONLY BY THE INTENDED RECIPIENT. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, THEN ANY DISCLOSURE, COPYING, DISTRIBUTION, OR USE OF ANY INFORMATION CONTAINED IN THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY DELETE IT AND NOTIFY THE SENDER BY TELEPHONE OR BY REPLYING TO THIS MESSAGE.

**From:** Ryan McLemore <rmclemore@thriftlegal.com>
**Sent:** Monday, October 10, 2022 3:19 PM
**To:** Tyler Henderson <THenderson@joneswalden.com>
**Subject:** RE: Deposition of Lamar Maddox

Can you talk at 9:30 tomorrow am? My kids got me sick, so talking has been a challenge today.

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Thursday, October 6, 2022 12:09 PM
**To:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** Re: Deposition of Lamar Maddox

Of course. Enjoy the rest of the week and weekend, and call me next week after you catch up on emails, etc.

Tyler W. Henderson
Jones & Walden LLC
699 Piedmont Ave, NE
Atlanta, Georgia 30308

On Oct 6, 2022, at 12:06 PM, Ryan McLemore <rmclemore@thriftlegal.com> wrote:

**Tyler Henderson**

| | |
|---|---|
| **From:** | Ryan McLemore <rmclemore@thriftlegal.com> |
| **Sent:** | Thursday, January 26, 2023 1:31 PM |
| **To:** | Tyler Henderson |
| **Cc:** | Ryan McLemore |
| **Subject:** | RE: Deposition of Lamar Maddox |

# Exhibit 3

Tyler,
I'm still working on this.  Calling client again today.
R

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Wednesday, January 11, 2023 11:44 AM
**To:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox

Good morning, Ryan:

How and when will Mr. Thomas be producing the documents? Please get them to us by next Wednesday, January 18, at the latest. I'll let you know if we have any other issues with Mr. Thomas' responses.

Thanks,
Tyler

Tyler W. Henderson
**Jones & Walden LLC**
Attorneys at Law
699 Piedmont Avenue, NE
Atlanta, GA 30308
PH: 404/564-9300
FAX: 404/564-9301
www.joneswalden.com

NOTICE: THIS EMAIL AND ITS ATTACHMENTS MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION THAT IS MEANT TO BE READ ONLY BY THE INTENDED RECIPIENT. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, THEN ANY DISCLOSURE, COPYING, DISTRIBUTION, OR USE OF ANY INFORMATION CONTAINED IN THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY DELETE IT AND NOTIFY THE SENDER BY TELEPHONE OR BY REPLYING TO THIS MESSAGE.

**From:** Ryan McLemore <rmclemore@thriftlegal.com>
**Sent:** Monday, October 10, 2022 3:19 PM
**To:** Tyler Henderson <THenderson@joneswalden.com>
**Subject:** RE: Deposition of Lamar Maddox

Can you talk at 9:30 tomorrow am? My kids got me sick, so talking has been a challenge today.

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Thursday, October 6, 2022 12:09 PM



**Exhibit 4**

699 PIEDMONT AVENUE NE
ATLANTA, GEORGIA 30308
(404) 564-9300
www.joneswalden.com

February 15, 2023

**By Email**
Ryan McLemore
THRIFT MCLEMORE, LLC
RMcLemore@thriftlegal.com

> **Re:**   **Stanley Thomas' Objections to Ciras, Inc.'s Requests for Production**
> *Ciras, Inc. v. Stanley Thomas, et al.*
> U.S. District Court, N.D. Ga. Case No. 3:13-CV-00013-TCB

Ryan:

I am sending this letter to address the problems with Stanley Thomas' responses to Ciras, Inc.'s first post-judgment requests for production (the "**Requests**"), most notably his failure to produce any documents. This letter also serves as our good faith effort under Fed. R. Civ. P. 37(a)(1) and LR 37.1 to address and resolve the problems with his responses before seeking court assistance.[1]

---

[1] Through this letter, we are also notifying you of Chief Judge Batten's discovery dispute procedure set forth in Paragraph 11 of the Case Management section of his Standing Order, copied in its entirety below:

(a) Notwithstanding Local Rule 37.1, prior to filing any motion related to discovery, including but not limited to a motion to compel discovery and a motion to quash a subpoena (except for unopposed, consent, or joint motions to extend the discovery period), the movant--after conferring with the respondent in a good-faith effort to resolve the dispute by agreement--must send Ms. Wiggins (with a copy to all counsel of record) a one-page email summarizing the dispute and the relief sought.  If the matter is time-sensitive, the movant should make that clear in the email.

Ms. Wiggins will then instruct the respondent the deadline by which it may submit to her a one-page email response (with a copy to all counsel of record).  Ordinarily, after Ms. Wiggins receives the response, she will schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion; a court reporter will be provided by the Court to take down the conference call. However, the Court may choose to issue an order resolving the dispute without a conference call.

In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy.  If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in the two preceding paragraphs.

(b) The Court is usually available by telephone to resolve objections and disputes that arise during depositions.  Counsel should not hesitate to call the Court (404.215.1420) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

In virtually every one of his answers to the Requests, Mr. Thomas stated that he would "produce any responsive documents in his possession, custody or control in a mutually agreeable fashion." I emailed you on January 11 to ask when and how Mr. Thomas would produce the requested documents. It's been over a month, yet we still have not received a single document from you or your client. His refusal to deliver the items to us is even more surprising given your specific suggestion on October 4, 2022 that I serve you with the Requests to get the documents from Mr. Thomas instead of from third parties. In any event, if we do not receive *all* documents in Mr. Thomas' possession or reasonably available to him by **Monday, February 20, 2023**, we seek assistance from the Court.

Mr. Thomas also asserted a litany of boilerplate objections that violate the provisions of Chief Judge Batten's Standing Order: "Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Moreover, general objections are prohibited…." We will disregard his general objections accordingly.

Mr. Thomas' specific objections are more problematic because we cannot tell whether he will withhold relevant or discoverable items on the basis of those objections. He also references the attorney-client and work product privileges throughout his responses, yet he did not provide a privilege log. Please immediately send us his privilege log and amend the responses to advise us if Mr. Thomas is withholding documents.

When revising his responses, Mr. Thomas must bear in mind that "[t]he scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *Patel v. Patel*, 2018 U.S. Dist. LEXIS 242005, *1-2 (N.D. Ga. 2018) (Batten, J.). A judgment creditor may use discovery to identify "assets that have been fraudulently transferred or are otherwise beyond the reach of execution." *Id.* at *2. All of Ciras' Requests seek information concerning Mr. Thomas' assets and finances, and we expect him to answer them fully.

Please withdraw Mr. Thomas' objections and fully respond to Ciras' Requests by the close of business on **February 20, 2023**. Again, if he fails to do so, we intend to contact the Court and proceed in accordance with Chief Judge Batten's procedure. In the meantime, I remain open to discussing the Requests with you.

Sincerely,

Tyler W. Henderson
*Counsel for Ciras, Inc.*

cc:     Ciras, Inc. (by email)

**Tyler Henderson**

---

| | |
|---|---|
| **From:** | Tyler Henderson |
| **Sent:** | Wednesday, February 15, 2023 11:49 AM |
| **To:** | Ryan McLemore |
| **Subject:** | RE: Deposition of Lamar Maddox |
| **Attachments:** | Rule 37 Letter to Stanley Thomas 2.15.2023.pdf |
| | |
| **Importance:** | High |

Ryan, please see the attached letter regarding our requests to Mr. Thomas.

Thanks,
Tyler

Tyler W. Henderson
**Jones & Walden LLC**
Attorneys at Law
699 Piedmont Avenue, NE
Atlanta, GA 30308
PH: 404/564-9300
FAX: 404/564-9301
www.joneswalden.com

NOTICE: THIS EMAIL AND ITS ATTACHMENTS MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION THAT IS MEANT TO BE READ ONLY BY THE INTENDED RECIPIENT. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, THEN ANY DISCLOSURE, COPYING, DISTRIBUTION, OR USE OF ANY INFORMATION CONTAINED IN THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY DELETE IT AND NOTIFY THE SENDER BY TELEPHONE OR BY REPLYING TO THIS MESSAGE.

**From:** Ryan McLemore <rmclemore@thriftlegal.com>
**Sent:** Thursday, January 26, 2023 1:31 PM
**To:** Tyler Henderson <THenderson@joneswalden.com>
**Cc:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox

Tyler,
I'm still working on this.  Calling client again today.
R

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Wednesday, January 11, 2023 11:44 AM
**To:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox

Good morning, Ryan:

How and when will Mr. Thomas be producing the documents? Please get them to us by next Wednesday, January 18, at the latest. I'll let you know if we have any other issues with Mr. Thomas' responses.

1

**Tyler Henderson**

| | |
|---|---|
| **From:** | Ryan McLemore <rmclemore@thriftlegal.com> |
| **Sent:** | Wednesday, February 22, 2023 1:55 PM |
| **To:** | Tyler Henderson |
| **Cc:** | Ryan McLemore |
| **Subject:** | Ciras Discovery - Stan Thomas |
| **Attachments:** | Rule 37 Letter to Stanley Thomas 2.15.2023.pdf |

**Exhibit 5**

Tyler,
I'm working with my client to see what documents he has available to produce.
I have been out of town since early last week and am just now able to review your letter (attached for reference).
I will get you a response asap.
Thank you,
Ryan

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Wednesday, February 15, 2023 11:49 AM
**To:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox
**Importance:** High

Ryan, please see the attached letter regarding our requests to Mr. Thomas.

Thanks,
Tyler

Tyler W. Henderson
**Jones & Walden LLC**
Attorneys at Law
699 Piedmont Avenue, NE
Atlanta, GA 30308
PH: 404/564-9300
FAX: 404/564-9301
www.joneswalden.com

NOTICE: THIS EMAIL AND ITS ATTACHMENTS MAY CONTAIN CONFIDENTIAL OR PRIVILEGED INFORMATION THAT IS MEANT TO BE READ ONLY BY THE INTENDED RECIPIENT. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR CONVEYING THE INFORMATION TO THE INTENDED RECIPIENT, THEN ANY DISCLOSURE, COPYING, DISTRIBUTION, OR USE OF ANY INFORMATION CONTAINED IN THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY DELETE IT AND NOTIFY THE SENDER BY TELEPHONE OR BY REPLYING TO THIS MESSAGE.

**From:** Ryan McLemore <rmclemore@thriftlegal.com>
**Sent:** Thursday, January 26, 2023 1:31 PM
**To:** Tyler Henderson <THenderson@joneswalden.com>
**Cc:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox

Tyler,
I'm still working on this.  Calling client again today.
R

1

**Tyler Henderson**

---

**From:**      Tyler Henderson
**Sent:**       Wednesday, February 22, 2023 4:49 PM
**To:**          Ryan McLemore
**Subject:**  RE: Ciras Discovery - Stan Thomas

**Exhibit 6**

Hey Ryan,

I appreciate the update and your timing is good because I had started on a motion to compel. I'll stop work on the motion until next Monday to give you some additional time, but Ciras is running out of patience with Mr. Thomas given that we served the requests nearly three months ago.

Thanks,
Tyler

Tyler W. Henderson
**Jones & Walden LLC**
Attorneys at Law
699 Piedmont Avenue, NE
Atlanta, GA 30308
Phone: (404) 564-9300
Fax: (404) 564-9301
www.joneswalden.com

---

**From:** Ryan McLemore <rmclemore@thriftlegal.com>
**Sent:** Wednesday, February 22, 2023 1:55 PM
**To:** Tyler Henderson <THenderson@joneswalden.com>
**Cc:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** Ciras Discovery - Stan Thomas

Tyler,
I'm working with my client to see what documents he has available to produce.
I have been out of town since early last week and am just now able to review your letter (attached for reference).
I will get you a response asap.
Thank you,
Ryan

---

**From:** Tyler Henderson <THenderson@joneswalden.com>
**Sent:** Wednesday, February 15, 2023 11:49 AM
**To:** Ryan McLemore <rmclemore@thriftlegal.com>
**Subject:** RE: Deposition of Lamar Maddox
**Importance:** High

Ryan, please see the attached letter regarding our requests to Mr. Thomas.

Thanks,
Tyler

Tyler W. Henderson

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| CIRAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION   FILE NO. |
| v. | ) | 3:13-CV-00013-TCB |
| | ) | |
| STANLEY E. THOMAS; BEEHAWK | ) | |
| AVIATION, INC.; REES BEEHAWK, | ) | |
| L.L.C.; and FOURTH QUARTER | ) | |
| PROPERTIES 166, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STANLEY E. THOMAS'S OBJECTIONS & RESPONSES TO PLAINTIFF'S FIRST POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS TO STANLEY E. THOMAS

COMES NOW Defendant Stanley E. Thomas (this "Defendant"), by and through counsel, and submits the following objections and responses (the "Responses") to the above-titled requests (the "Requests").

## GENERAL OBJECTIONS

1.

Defendant objects to the Requests to the extent that they seek information not in the possession, custody or control of Defendant within the meaning of the Federal Rules of Civil Procedure or the Rules of this Court, on the grounds that their scope is not limited to information known to Defendant.  In responding to the Requests, Defendant has conducted a reasonable inquiry of those persons most likely to possess information responsive thereto and a reasonable search of records where information requested would most likely be maintained.  To the extent Plaintiff

seeks to require Defendant to respond further, Defendant objects on the grounds that the Requests are, to said extent, overbroad, unduly burdensome, unreasonable and oppressive.

2.

Defendant objects to the Requests to the extent that they seek information protected by the attorney-client privilege, by the work product privilege, the accountant-client privilege, or by any other privilege.  Defendant reserves the right to object at such later time that any document produced or response given hereunder is protected by the attorney-client privilege, or as attorney's work product or trial preparation material, and that the production or response was inadvertent.

3.

Defendant objects to the Requests to the extent that they seek information that constitutes, contains or represents confidential, trade secret, or other proprietary and commercially sensitive information of Defendant.  Defendant will produce such information and/or documents pursuant to the stipulated protective order.

4.

Defendant submits his Responses without conceding the relevance or materiality of the subject matter of any document or information which may be produced or identified, and without prejudice to Defendant' rights to object to further discovery or to object to the admissibility of any proof on the subject matter of any discovery of any document.  Defendant reserves the right to change or to supplement any response that may subsequently appear to be incomplete or incorrect.

2

5.

To the extent the Requests seek to impose upon Defendant any duties or requirements in excess of those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, this Court's Local Rules, or applicable other law or rules, Defendant objects to same.

6.

Defendant objects to each Request to the extent it is duplicative, repetitive and/or substantially overlaps with other Requests.

7.

Each of the foregoing general objections is expressly incorporated by reference into each of the specific responses of Defendant to the Requests.

## SPECIFIC OBJECTIONS & RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Subject to and without waiving the attorney-client privilege or work-product doctrine protections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

2.

Subject to and without waiving the attorney-client privilege or work-product doctrine protections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

3

3.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, and subject to and without waiving the attorney-client privilege or work-product doctrine protections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

4.

Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

5.

Subject to and without waiving the attorney-client privilege or work-product doctrine protections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

6.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

4

7.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

8.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

9.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

10.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce responsive any documents in his possession, custody or control in a mutually agreeable fashion.

11.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

12.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

13.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated

to lead to the discovery of admissible evidence, specifically with respect to the term "evidencing" (vague and overly broad) and "equitable interest" (vague and requires Defendant to draw a legal conclusion as to its meaning). Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

14.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to term "beneficial interest" (vague and requires Defendant to draw a legal conclusion as to its meaning). Defendant is not a landlord or property manager for any real property.

15.

Subject to and without waiving any general objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

16.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically and without limitation with respect to the term "evidencing" (vague and overly broad) and the timeframe (overly broad). Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion. Defendant is aware of no responsive documents.

17.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because there is no time limitation.  Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion. Defendant is aware of no responsive documents.

18.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically without limitation regarding the timeframe of the Request (overly broad). Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion. Defendant is aware of no responsive documents. Defendant is aware of no responsive documents.

19.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically without limitation regarding the timeframe of the Request (overly broad). Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion. Defendant is aware of no responsive documents. Defendant is aware

8

of no responsive documents.

20.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically without limitation regarding the timeframe of the Request (overly broad) and "in any capacity" (overly broad, outside of the scope of proper discovery on this Defendant, and vague).

21.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents.

22.

Subject to and without waiving any general objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

23.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents.

24.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

9

waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

25.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, including without limitation the attorney-client privilege or work-product protections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

26.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

27.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents.

28.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

10

waiving any objections, Defendant states that he is aware of no responsive documents (Defendant does not believe that he owns or has owned during the requested period any such collectibles).

29.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents (Defendant does not believe that he owns or has owned during the requested period any such assets).

30.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents (Defendant does not believe that he owns or has owned during the requested period any such assets).

31.

Defendant has not been employed during the requested period.

32.

Defendant has not acted as an independent contractor during the requested period.

33.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession,

custody or control in a mutually agreeable fashion.

34.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the four-year timeframe. Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

35.

Defendant objects to this Request as it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the timeframe requested and the breadth of the phrase: "reflecting, relating to, or referring to," which also could include privileged documents.  Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

36.

Defendant objects to this Request as it is vague and ambiguous. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents.

37.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents (Defendant

does not believe that he owns or has owned during the requested period any such assets).

38.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the four-year timeframe. Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

39.

Defendant objects to this Request as it is vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents (Defendant does not believe that he owns or has owned during the requested period any such assets).

40.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically with respect to the term "evidencing." Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

41.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, specifically without limitation with respect to the term "evidencing." Subject to and without waiving any objections, Defendant will produce any

13

responsive documents in his possession, custody or control in a mutually agreeable fashion.

42.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks attorney-client privileged communications. Subject to and without waiving any objections, Defendant states that he is aware of no responsive documents.

43.

Defendant objects to this Request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks attorney-client privileged communications. Subject to and without waiving any objections, Defendant will produce any responsive documents in his possession, custody or control in a mutually agreeable fashion.

44.

Defendant objects to this Request as it is overly broad, outside of the scope of proper discovery, and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks attorney-client privileged communications. Thomas Family Trust is not a party to this matter.

14

Respectfully submitted, this 4th day of January, 2023.

**THRIFT MCLEMORE, LLC**

Ryan Kelly McLemore
Georgia Bar No. 496929
rmclemore@thriftlegal.com

*Attorney for Defendant Stanley E. Thomas*

1000 Parkwood Circle SE
Suite 375
Atlanta, GA 30339
678-784-4150

15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **CIRAS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION  FILE NO.** |
| **v.** | ) | **3:13-CV-00013-TCB** |
| | ) | |
| **STANLEY E. THOMAS; BEEHAWK** | ) | |
| **AVIATION, INC.; REES BEEHAWK,** | ) | |
| **L.L.C.; and FOURTH QUARTER** | ) | |
| **PROPERTIES 166, L.L.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of STANLEY E. THOMAS'S OBJECTIONS & RESPONSES TO PLAINTIFF'S FIRST POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS TO STANLEY E. THOMAS on counsel for Plaintiff, U.S. first-class mail to the following:

> Tyler W. Henderson
> Jones & Walden LLC
> 699 Piedmont Ave NE
> Atlanta, Georgia 30308

This 4th day of January, 2023.

**THRIFT MCLEMORE, LLC**

*/s/ Ryan Kelly McLemore*
Ryan Kelly McLemore
Georgia Bar No. 496929
rmclemore@thriftlegal.com

16

1000 Parkwood Circle SE                    *Attorney for Defendant Stanley E. Thomas*
Suite 375
Atlanta, GA 30339
678-784-4150

**CERTIFICATION UNDER FED. R. CIV. P. 37 & LR 37.1**

I, Tyler Henderson, hereby certify that I conferred with counsel for Stanley Thomas prior to filing this Motion in good faith in an effort to address the issues with Mr. Thomas' discovery responses and obtain the requested production without court action. Despite my efforts, Mr. Thomas did not amend his responses or produce any documents.

This 2nd day of March, 2023.

JONES & WALDEN LLC
/s/ Tyler W. Henderson
Tyler W. Henderson
Georgia Bar No. 854853
699 Piedmont Ave., N.E.
Atlanta, GA 30308
(404) 564-9300
THenderson@joneswalden.com
Attorney for Plaintiff

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **CIRAS, INC.,** | |
| **Plaintiff,** | **Civil Action File No.:** |
| **v.** | |
| **STANLEY E. THOMAS; BEEHAWK AVIATION, INC.; REES BEEHAWK, L.L.C.; and FOURTH QUARTER PROPERTIES 166, L.L.C.,** | **3:13-CV-00013-TCB** |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I served a genuine copy of **Plaintiff's Motion to Compel Stanley Thomas to Respond to Post-Judgment Discovery and Memorandum of Law** on counsel for Stanley Thomas by U.S. First Class Mail, with proper postage affixed and addressed to the following:

Ryan McLemore
Thrift McLemore
1000 Parkwood Circle SE, Suite 375
Atlanta, Georgia 30339

This 2nd day of March, 2023.

**JONES & WALDEN LLC**
*/s/ Tyler W. Henderson*
Tyler W. Henderson
Georgia Bar No. 854853
699 Piedmont Ave., N.E.
Atlanta, GA 30308
(404) 564-9300
THenderson@joneswalden.com
Attorney for Plaintiff

8